**RECEIVED**
IN LAKE CHARLES, LA

JUL 14 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AARON JOHNS | : | DOCKET NO. 09-cv-879 |
| VS. | : | JUDGE TRIMBLE |
| DIAMOND-W RANCH HUNTING, LLC, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Pending before this court is the plaintiff's Motion to Remand this suit to the Thirty First Judicial District Court, Jefferson Davis Parish, Louisiana. Doc. 10. For the following reasons, the Motion to Remand is GRANTED subject to the stay described at the conclusion of this order.

*Background*

Plaintiff was at his place of employment, Diamond-W Ranch Hunting, LLC, where a rifle in the control of a fellow employee inadvertently discharged. Plaintiff alleges the discharge caused him serious injuries to his left foot. Doc. 1-2. Plaintiff filed a claim with the Louisiana Office of Worker's Compensation. However, in that suit, plaintiff's employers, Diamond-W Ranch Hunting, LLC and Amanda Romero, maintained that plaintiff was not acting in the course and scope of his employment. *Id.* Accordingly, plaintiff filed a separate tort suit in the Thirty First Judicial District Court in which he named Diamond-W Ranch Hunting, LLC ("Diamond-W") and Amanda Romero. In this separate suit, plaintiff also asserted products liability claims against defendant, Savage Sports Corp., the alleged manufacturer of the weapon. *Id.*

On May 28, 2009, defendant Savage Sports Corp. removed the action to federal court alleging improper joinder of Diamond-W and Amanda Romero. Doc. 1. However, on June 4,

2009, this defendant and plaintiff filed a Joint/Voluntary Motion to Dismiss, which the court granted on June 5, 2009. Doc. 7; Doc. 9.

On June 8, 2009, plaintiff filed a Motion to Remand arguing that there was a possibility it could recover against Diamond-W and Amanda Romero as these entities deny that plaintiff was in the course and scope of his employment in the separate Louisiana worker's compensation suit. Doc. 10. Defendants Diamond-W and Amanda Romero oppose remand, arguing they should be dismissed from the lawsuit as they are immune from suit pursuant to Louisiana Revised Statutes § 23:1032, which provides that the exclusive remedy of an employee for a negligent injury is worker's compensation. Doc. 12. Plaintiff points out, however, that the immunity does not extend to an employer if the employee was outside the normal course and scope of his employment at the time of the injury. Doc. 13.

## *Analysis*

Diversity jurisdiction requires that complete diversity of citizenship exist between the parties, and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009). To establish improper joinder, in the absence of fraud in the pleadings, the removing defendant must establish an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

In this case, the removing party, Savage Sports Corp., alleged in its Notice of Removal that plaintiff improperly joined defendants Diamond-W and Amanda Romero. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R. Co. (Smallwood II)*, 385 F.3d 568, 574 (5th Cir. 2004)

(en banc). However, Savage Sports, Corp., the only diverse party in this matter, has been dismissed. Accordingly, Savage Sports cannot meet its burden.

The remaining parties, Diamond-W and Amanda Romero, argue that suit against them is precluded by Louisiana law. Under Louisiana law, a worker's compensation suit is the exclusive remedy to an employee unless the injurious act occurred outside the normal course and scope of employment. La. Rev. Stat. Ann. § 23:1032. Although plaintiff's Louisiana worker's compensation suit remains pending, plaintiff has produced evidence to establish that defendant Diamond-W denies that plaintiff was injured in the course and scope of his employment. Doc. 10-4. If plaintiff was not within the course and scope of his employment, his suit is not precluded by the Worker's Compensation Act. *See Haywood v. Dugal*, 772 So.2d 240, 242 (La. App. 5 Cir. 10/31/2000) ("[D]etermination of whether plaintiffs are limited to workers' compensation and are precluded from pursuing a tort claim . . . is based on whether they were in the course and scope of their employment at the time of the accident.").

In an analogous case, *Arceneaux v. Syngenta Crop Protection*, 2008 WL 2116433 (M.D. La. May 19, 2008), plaintiff alleged he developed esophageal cancer from exposure to toxic chemicals. The exposure allegedly occurred while plaintiff, under orders from his employer, worked on a third party's machinery. The case was removed to federal court on the basis of improper joinder. Specifically, the removing defendant alleged that plaintiff could not recover against his employer, the only non-diverse party, in tort because his claims were covered by the Louisiana Worker's Compensation Act.

Plaintiff filed a motion to remand. In substance, plaintiff argued that the removing defendant could not show he had no chance of recovery against his employer. Plaintiff argued

3

that defendant could not carry its burden because it was unclear under the definition of "accident" that plaintiff could recover under the Act.

The court held that it lacked the requisite information to make a definitive determination of whether plaintiff could prevail in his worker's compensation suit. For this reason, the court could conclusively say plaintiff had no reasonable possibility of recovery against the employer based on the employer immunity provisions of the Louisiana Worker's Compensation Act. Thus, the court ordered the case be remanded to state court.

In the instant case, it is similarly unclear whether plaintiff may prevail in his worker's compensation suit as defendants do not concede that plaintiff was within the scope of his employment at the time of the accident. Accordingly, the court cannot find that there is no possibility that plaintiff may recover on his tort claim against the defendants, Diamond-W and Amanda Romero.

In sum, the removing defendant, Savage Sports Corp., has been dismissed from the instant suit and has not met its burden of showing plaintiff improperly joined defendants Diamond-W and Amanda Romero. Moreover, there is *some possibility* that plaintiff may recover on his tort claim in state court. Therefore, it is appropriate to remand this matter to state court.

*Conclusion*

In accordance with the preceding, plaintiff's Motion to Remand [Doc. 10] is GRANTED and this action is ORDERED remanded to the Thirty First Judicial District Court.

Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(a), a party may object to the findings of a Magistrate's order on the grounds that it is clearly erroneous or contrary to law within ten days of service. Accordingly, this order is STAYED for ten days from its issuance. If an appeal

is taken to the District Judge, the order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk of Court shall remand the action forthwith.

Thus done and signed in chambers in Lake Charles, Louisiana, this 14th day of July, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE